IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATHAN L. WIGERT, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | COMPLAINT  AND |
| | ) | DEMAND FOR JURY TRIAL |
| COUNTY OF WEBSTER, NEBRASKA, | ) | |
| A political subdivision and TROY | ) | |
| SCHMITZ, in his individual capacity and | ) | |
| his official capacity as SHERIFF OF | ) | |
| WEBSTER COUNTY, NEBRASKA | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendants states as follows:

1.      This is an action seeking redress for the violation of the rights guaranteed to the plaintiff by 42 U.S.C. Section 12101 et.seq. (the Americans with Disabilities Act, as amended by the ADAAA, hereinafter the ADA, as amended); the Nebraska Fair Employment Practices Act, the Constitutions of the United States of America and the State of Nebraska and 42 U.S.C. Section 1983.

2.      Jurisdiction of this Court is invoked pursuant to federal statutes set forth herein. This Court has pendent jurisdiction over the claims brought under Nebraska law.

3.      Plaintiff filed a complaint with the Nebraska Equal Opportunity  Commission and the United States Equal Opportunity Commission with respect to  the allegations set forth herein as well as other allegations.  The plaintiff has filed this timely action within 90 days of his receipt of his right to sue notice.

4.      At all times relevant, the plaintiff was a resident of the State of Nebraska.

5.      At all times relevant, the Defendant County of Webster, Nebraska, was a political subdivision located within the State of Nebraska.

6.      At all times alleged herein, the Defendant Troy Schmitz was the elected Sheriff of Webster County, Nebraska.  At all times relevant, Defendant Schmitz was acting in his individual and official capacities as to the allegations alleged herein.

7.      On or about January 1, 2009, Plaintiff was hired by the Defendant County of Webster,  Nebraska as deputy sheriff.  Plaintiff was terminated from his employment with the Defendant County of Webster, Nebraska by Defendant Troy Schmitz on or about May 7, 2009. At all times alleged herein, Plaintiff's work performance was satisfactory.

8.      Shortly after commencing work with the Sheriff's department, Plaintiff informed Defendant Sheriff Troy Schmitz, Chief Deputy Sheriff Randy Henning and Deputy Sheriff Ryan Martin that he was a diabetic and required an insulin pump for his diabetic condition.

9.      In early May, 2009, Plaintiff attended the Nebraska Law Enforcement Training Center in Grand Island, Nebraska.  During his training at the law enforcement academy, Plaintiff suffered significant physical health concerns regarding his diabetes and the regulation of his blood sugar.  Plaintiff was advised that he could check out of the academy in good standing and return to complete the training at a later time.  Before entering the training academy, Defendant Schmitz had told Plaintiff he would have two chances to pass the training academy during his first year of employment.

10.      On or about May 7, 2009, during a meeting with Defendant Sheriff Troy Schmitz, Plaintiff was told that he could not continue to work for the county as he was too much of a liability and that he had to think about the plaintiff's safety and the safety of other officers and the public.  Notwithstanding Defendant Schmitz's request, the Plaintiff refused to resign and was

subsequently terminated from his employment by Defendant Schmitz.  Plaintiff was asked to

reimburse the county for his uniform and ordered to return his uniforms to the Sheriff's

department.

11.     Prior to experiencing the medical condition at the training academy related to his

diabetes, the Defendant told Plaintiff he would have two opportunities to successfully complete

the training academy.   After experiencing a medical situation related to his diabetes at the

training academy, which resulted in his withdrawal from the academy in May, 2009, Defendant

Schmitz denied the Plaintiff's request to have a second opportunity to attend and complete the

training academy.

12.     At all times relevant, Plaintiff suffered from a disability as defined by the ADA,

as amended by the ADAAA, as well as the NFEPA.  Plaintiff was able to perform the essential

functions of his position with reasonable accommodation.  Defendants' denial of Plaintiff's

requests for reasonable accommodation, as well as his termination,  were in violation of the state

and federal laws set forth herein.

13.     Defendant Schmitz was aware of the plaintiff's legal rights under the state and

federal anti-discrimination laws as well as the Plaintiff's constitutional rights to equal protection,

equal rights, due process and/or the Plaintiff's  property interest in his continued employment

when he denied the Plaintiff's requests for reasonable accommodation and/or when he

terminated the Plaintiff.  Defendant Schmitz acted in an manner that was irrational and/or

arbitrary and/or with reckless indifference to the Plaintiff's rights.   Punitive damages are

appropriate under 42 U.S.C. Section 1983 with regard to the illegal actions of Defendant

Schimtz.

14.     Defendant County of Webster's agents, employees, supervisors, officers and/or elected officials, acting in the course and scope of their employment, subjected Plaintiff to adverse and different terms, conditions and privileges of employment due to his disability.

15.     Plaintiff has sustained lost wages, compensatory damages, the value of job related benefits as well as future lost wages and the value of benefits as a result of the Defendants' actions.

16.     All discriminatory acts alleged herein occurred within the State of Nebraska.

## COUNT I

Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

17.     Defendants denied the Plaintiff's requests for reasonable accommodation. Failure to provide reasonable accommodation to the disabled Plaintiff violated the federal and state anti-discrimination laws noted herein.

18.     As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

19.     Defendants' actions were contrary to the statutorily protected rights of the Plaintiff.

## COUNT II

Plaintiff incorporates paragraphs 1 through 19 as if fully set forth herein.

20.     A motivating factor in the defendants' decision to terminate the plaintiff was the Plaintiff's disability.   Said termination was violative of the state and federal anti-discrimination laws set forth above.

21.     As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

22.     Defendants' actions were contrary to the statutorily protected rights of the Plaintiff.

COUNT III

Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

23.     Defendant Troy Schmitz, both in his individual and official capacities, denied the disabled Plaintiff equal protection and equal rights under the laws of the State of Nebraska and the United States of America, the Constitution of the United States of America and the State of Nebraska, as well violated the Plaintiff's due process, his property rights to continued employment and his right to reasonable accommodation.  Plaintiff was also wrongfully discharged due to his disability.  Said conduct is violative of 42 U.S.C. Section 1983.

24.     As a direct, proximate result of Defendant Troy Schmitz's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

25.     Defendant Troy Scmitz's actions, both in his official and individual capacities, were irrational and/or arbitrary and in violation of established law and resulted in a deprivation of the Plaintiff's rights, liberties and equal protection under the laws and the constitutions of the State of Nebraska and United States of America and as such, injunctive,  punitive and all other damages available under the law should be awarded to the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a.      Declare the conduct of the Defendants to be violative of the rights of the Plaintiff under the appropriate federal or state law or constitutions;

b.      Direct the Defendants to reinstate the plaintiff to his previously held  position with back pay, all the job related benefits and job related increments to which he is entitled, including interest thereon, or to find that reinstatement is not appropriate and to award him front pay according to law;

c.      Award the Plaintiff compensatory damages for pain, suffering, humiliation, inconvenience in an amount to be determined by the jury or the court;

d.      Enjoin the from any further discrimination against the Plaintiff;

e.      Award the Plaintiff punitive damages against Defendant Troy Schmitz in his individual capacity;

f.      Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

NATHAN WIGERT, Plaintiff

BY:     s/Kathleen M. Neary
        VINCENT M. POWERS & ASSOCIATES
        Vincent M. Powers     NSBA 15866
        Kathleen M. Neary     NSBA 20212
        411 South 13th Street, Suite 300
        Lincoln, NE  68508
        (402) 474-8000

DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Lincoln, Nebraska.

__s/Kathleen M. Neary_____

Kathleen M. Neary   NSBA  20212



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5066 6941

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

March 30, 2010

Mr. Nathan L. Wigert
c/o Vincent M. Powers, Esquire
Law Office of Vincent M. Powers & Assocs.
Attorney at Law
411 S. 13th St., Ste. 300
Lincoln, NE  68508

Re:  EEOC Charge Against County of Webster
     No. 32E200900873

Dear Mr. Wigert:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title I of the
Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against
the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC
St. Louis District Office, St Louis, MO.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                         Thomas E. Perez
                    Assistant Attorney General
                       Civil/Rights Division

                by   *Karen J. Ferguson*

                      Karen L. Ferguson
                 Supervisory Civil Rights Analyst
                 Employment Litigation Section

cc: St. Louis District Office, EEOC
    County of Webster



# State of Nebraska
## NEBRASKA EQUAL OPPORTUNITY COMMISSION









Nathan Wigert,  )
    Complainant,  )  **ADMINISTRATIVE CLOSURE**
      )
vs.  )  NEB 1-09/10-8-40736-RS
      )  EEOC 32E-2009-00873
County of Webster,  )
    Respondent.  )

Pursuant to the Nebraska Fair Employment Practice Act, the above referenced case was filed with the Nebraska Equal Opportunity Commission (NEOC). The Commission served the charge on the Respondent. The above-referenced charge was also subsequently filed with the U.S. Equal Employment Opportunity Commission in St. Louis, Missouri.

The NEOC has received written communication from Complainant's attorney requesting that the NEOC close the above-referenced case due to having requested a "Notice of Right to Sue" from the EEOC.

Therefore, the Nebraska Equal Opportunity Commission hereby administratively closes and dismisses the above-referenced case due to the fact that the Complainant intends to pursue this matter in Federal District Court.

This action becomes effective fifteen (15) days from the date of this Determination. The deadline for filing an action directly in state district court is 90 days after the receipt of this notice. If there are any questions regarding this decision or if the Commission can be of further assistance, please submit them in writing in care of our Lincoln office.

MAR 1 8 2010
_____
Date

_____
For the Commission

**MAIN OFFICE:**
301 Centennial Mall, South ☐
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.ne.gov

**BRANCH OFFICES:**
1313 Farnam-on-the-Mall ☐
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

4500 Avenue I ☐
PO Box 1500
Scottsbluff, NE 69363-1500
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633